IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Anthony Holmes, )<br><br>Plaintiff, )<br><br>vs. )<br><br>)<br><br>)<br>Burris Liquor Stores, Inc., )<br><br>Defendant. ) | Civil Action No. 2:12-1866-DCN-BHH<br><br><br>**ORDER AND REPORT AND<br>RECOMMENDATION OF<br>MAGISTRATE JUDGE** |

This matter is before the Court on the defendant's motion for summary judgment
[Doc. 37] pursuant to Federal Rule of Civil Procedure 56.   The plaintiff brought this case
alleging that the defendant terminated his employment because of his race in violation of
Title VII of the Civil Rights Act of 1964.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and
Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases
are referred to a United States Magistrate Judge for consideration.

**FACTUAL BACKGROUND**

The defendant hired the plaintiff in October 2005.  It is undisputed that, through the
years, the plaintiff was fired and rehired on multiple occasions.

Most pertinently, on March 6, 2012, after a dispute involving missing inventory, the
plaintiff was instructed to go home for the remainder of the day.  (Pl. Dep. at 104-05.)  The
plaintiff contends that he was arguing with a white employee who was not sent home.

The plaintiff alleges that the owner of the defendant company indicated that he would
contact the plaintiff but that he never did. *Id*.  The defendant has offered evidence that the
plaintiff himself never returned and that, as a result, his employment was terminated. (Burris

Aff. ¶ 9.)  The defendant contends that the plaintiff was replaced by an African American. *Id*. ¶ 8.

The plaintiff makes some other non-specific arguments about differences in pay between white and black employees and differences in treatment of white and black customers.

## APPLICABLE LAW

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or  "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  In determining whether a genuine issue has

2

been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## DISCUSSION

At the outset the Court would clarify the limits of the plaintiff's case. Admittedly, the plaintiff is *pro se* and the Court would give him grace, accordingly. He has reiterated his own sense of deficiency in this respect. But, the Court may not prejudice the defendant for the plaintiff's failure to establish a case, based on admissible evidence, suitable for trial. There exist the following difficulties with the plaintiff's case:

1. He has submitted essentially no relevant evidence.

2. He has failed to submit a sworn, or attested to, statement of his own testimony.

3. Numerous allegations in his response and sur-reply relate to incidents too remote in time to be considered. (Pl. Resp. at 4, 7-8 (relating to incidents from 2009 and before).) Prerequisite to bringing a judicial action, it is well-understood that a plaintiff in South Carolina must file a charge of discrimination within 180 days (for claims arising under South Carolina Human Affairs Law) or 300 days (for claims arising under Title VII, since South Carolina is a deferral state) after the alleged unlawful employment practice occurred. *See* 42 U.S.C. § 2000e–5; S.C. Code § 1-13-90; *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009); *Davis v. North*

3

*Carolina Dep't of Corr.*, 48 F.3d 134, 138-40 (4th Cir. 1995). These much less proximate incidents are out of time under any view of the plaintiff's procedural history. They will not be considered.

4. Numerous allegations in his response and sur-reply relate to incidents that occurred after the termination of his employment from the defendant and, therefore, are no basis for an employment discrimination case. (Pl. Resp. at 2-3 (relating to conversation and treatment by Safeway grocery store manager.) They will not be considered.

5. Numerous allegations in his response and sur-reply relate to incidents not alleged in his Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and are, therefore, not properly exhausted (Pl. Resp. at 6 (relating to wage allegations)). The scope of a Charge of Discrimination limits the scope of any subsequent litigation; claims not included in the charge of discrimination are barred from judicial review. *See Chacko v. Patuxent Inst.*, 429 F.3d 505, 509, 513 (4th Cir. 2005); *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 963-64 (4th Cir. 1996) ("Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit."); *see also Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). In his EEOC Charge of Discrimination, the plaintiff made only a claim of discriminatory discharge, pursuant to Title VII, for his termination, on March 6, 2012. (Def. Ex. B.) All other claims, therefore, are barred; and

6. The plaintiff has made certain generalized arguments about the defendant's conduct and lack of policies that is neither specific to him nor supported by any evidence. (Pl. Resp. at 6-7 (relating to lack of policies on termination.) Those allegations will also not be considered.

4

The plaintiff's claims, and the Court's review, are constrained by these considerations.  The Court is not unsympathetic to the difficulties of prosecuting a case *pro se* and whatever specific injustices the plaintiff might feel about his experience with the defendant.  But, those sympathies do not excuse the plaintiff from his obligations under the Rules of Civil Procedure to marshal evidence sufficient to create issues of material fact about his claims.  He has not.

## I.    Title VII Employee Minimum

The defendant first contends that the plaintiff's case should be dismissed because Title VII does not apply to entities with less than fifteen employees.  *See* 42 U.S.C. 2000e(b); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 504-505 (2006).  The defendant has submitted evidence that at all relevant times it employed less than the statutorily required minimum.  (Def. Ex. A ¶ 5.)  In response, the plaintiff has submitted a non-sworn sur-reply claiming that more than fifteen individuals were employed during the time he was employed by the defendant.  (Pl. Sur Reply at 1.) The plaintiff also contends that the defendant refused to answer discovery specifically directed at determining the number of employees the defendant employed.  *Id*. at 2.  It does not appear that the plaintiff filed a motion to compel or otherwise produced evidence of such discovery, now.

Regardless of the evidentiary dispute, as far as it goes, the Court is also mindful that it should liberally construe the plaintiff's Complaint, which does not specify Title VII as the sole basis for his claims of discrimination, notwithstanding that statute was the only legal basis identified in the EEOC Charge of Discrimination.  But, as the defendant anticipates, the Court is likely obligated to consider the plaintiff's Complaint as having implicated 42 U.S.C. § 1981, *see Getachew v. Central Ohio Workforce Inv. Corp.*, 2011 WL 6884236, at *3 (S.D. Ohio 2011) ("Although plaintiff does not specifically refer to Section 1981 in the Complaint or in the Motion to Amend, the Court must construe pro se filings liberally."), which prohibits essentially the same practices.   Indeed, Title VII and Section 1981 claims are analyzed under the burden-shifting framework established in *McDonnell Douglas Corp.*

*v. Green*, 411 U.S. 792 (1973).  *See  Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 133 n.7 (4th Cir. 2002)

The plaintiff's self-serving, unverified adamancy is probably insufficient to overcome the sworn affidavit of the defendant as to its number of employees.  Nevertheless, out of an abundance of caution and a liberality of consideration, the Court would turn to the merits of the plaintiff's claims.

## II.     Race Discrimination (Discriminatory Discharge)

The plaintiff has pled a cause of action for discriminatory discharge.  He complains that he was discriminated against on account of his race insofar as the defendant terminated his employment but did not comparably discipline a white employee for similar conduct.

As the Fourth Circuit has explained, the plaintiff may avert the defendant's summary judgment motion and establish his discrimination claim "through two avenues of proof." *Diamond v. Colonial Life & Acc. Ins. Co.*,  416 F.3d 310, 318 (4th Cir. 2005) (quoting *Hill v. Lockheed Martin Logistics Management, Inc.*, 354 F.3d 277, 284 (4th Cir. 2004) (emphasis added).  A plaintiff can survive a motion for summary judgment by presenting direct or circumstantial evidence that raises a genuine issue of material fact as to whether an impermissible factor such as race or gender motivated the employer's adverse employment decision. *Diamond*, 416 F.3d at 318. Pursuant to the 1991 Act, the impermissible factor need not have been the sole factor. As long as it motivated the adverse action, the plaintiff can establish an unlawful employment practice. *See* 42 U.S.C.A. § 2000e-2(m).

Alternatively, a plaintiff may "proceed under [the McDonnell Douglas ] 'pretext' framework, under which the employee, after establishing a prima facie case of discrimination, demonstrates that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination." *Hill*, 354 F.3d at 285. Implicitly or otherwise, the plaintiff does not attempt to establish his discrimination claim using direct or circumstantial evidence.   The Court would consider it in light of the

6

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) burden-shifting proof scheme, applicable to Title VII and Section 1981 claims, therefore, .

Under *McDonnell Douglas*, an employee must first prove a *prima facie* case of discrimination by a preponderance of the evidence. If she succeeds, the employer has an opportunity to present a legitimate, nondiscriminatory reason for its employment action.  If the employer does so, the presumption of unlawful discrimination created by the *prima facie* case drops out of the picture, and the burden shifts back to the employee to show that the given reason was just a pretext for discrimination.  *See McDonnell Douglas*, 411 U.S. at 802-05.

**A.    *Prima Facie* Case**

To establish a *prima facie* case of discriminatory discharge, the plaintiff must show: (1) that he is a member of a protected class; (2) that he suffered from an adverse employment action; (3) that at the time the employer took the adverse employment action he was performing at a level that met her employer's legitimate expectations; and (4) other employees who are not members of the protected class were retained under apparently similar circumstances. *See Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 133 (4th Cir.2002).

The defendant contends that the plaintiff cannot establish either the third or the fourth elements.  In regards to whether the plaintiff was meeting the defendant's legitimate performance expectations, the defendant contends that the plaintiff (1) failed to return to work, after March 6, 2012, and (2) stole or misplaced $75,000 in products.  (Burris Aff. ¶ 8; Pl. Dep. at 106-07.)

The plaintiff makes no specific argument that he was meeting his employer's legitimate work expectations.  He contends that he was sent home, on March 6, 2012, for having an argument, when the other white employee, engaged in the same argument, was not comparably treated.  (Pl. Resp. at 8.)  But, he does not dispute, in argument or evidence, what the defendant alleges – that he failed to return to work or that he had

7

mishandled the defendant's inventory. He says nothing about it. (Pl. Resp. at 8-10; see generally Pl. Sur-Reply.) For this reason, the plaintiff cannot establish that he was meeting his employer's legitimate work expectations and, therefore, any *prima facie* of discriminatory discharge.

The defendant also contends that the plaintiff cannot demonstrate that he was replaced by an individual outside the protected class. The defendant has submitted evidence that it filled the plaintiff's position with another African American individual. (Burris Aff. ¶ 7.) The defendant emphasizes that "in order to make out a prima facie case of discriminatory termination, a plaintiff must ordinarily show that the position ultimately was filled by someone not a member of the protected class." *Miles v. Dell, Inc.*, 429 F.3d 480, 486 (4th Cir.2005). The Court believes that the fourth element is slightly more flexible in its demands, however. "The precise requirements of a prima facie case can vary depending on the context and were never intended to be rigid, mechanized, or ritualistic." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (U.S. 2002) (quotations omitted). At this stage, the Court would remain broadly open to evidence that similarly situated employees outside the protected class received more favorable treatment. *See White v. BFI Waste Servs.*, LLC, 375 F.3d 288, 295 (4th Cir. 2004).

The plaintiff contends that, on March 6, 2012, he was sent home for having had an argument with a Caucasian co-worker but that the co-worker was not also sent home. (Pl. Resp. at 9.) The plaintiff also represents that at his hearing for unemployment benefits the defendant argued that the plaintiff had been louder and more aggressive than the other employee. *Id*. As indicated, the plaintiff has not actually submitted any admissible evidence of any of these allegations. He simply makes them.

If the district court considered the plaintiff's Response to Summary Judgment as somehow verified or attested to, then presumably such testimony might be sufficient to establish the fourth element of a *prima facie* case that a white employee, participating in the same argument, was not similarly disciplined. Of course, even were these bald allegations

8

credited, typically the "plaintiff must establish that 'other employees' were similarly situated in all relevant respects; that they 'dealt with the same supervisor, [were] subject to the same standards and . . . *engaged in the same conduct* without such mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'" *See Ward v. City of North Myrtle Beach*, 457 F. Supp. 2d 625 (D.S.C. 2006) (emphasis added).    The defendant has allegedly represented that the plaintiff engaged in more egregious, and not the same, conduct as the white employee, theoretically justifying some difference in treatment.  Except to argue, colloquially, that it "takes two to tango" (see Pl. Resp. at 9), the plaintiff has not made any showing that his conduct was comparable to the white employee with whom he was arguing.  He has not even really alleged as much.  Indeed, he relies on the fact that the defendant thought his conduct was worse.  His evidence as to the fourth element is dubious at best.

It seems unadvisable to recommend that the plaintiff can establish a *prima facie* case of discriminatory discharge, either for failure to establish the third element or fourth element or both.

### B.    Legitimate Non-Discriminatory Reason

To the extent he can, however, the defendant has met its burden to produce a legitimate, non-discriminatory reason for terminating the plaintiff's employment insofar as it has stated that the plaintiff failed to return to work after March 6, 2012.  (Burris Aff. ¶ 8.) "Job performance . . . [is] widely recognized as [a] valid, non-discriminatory bas[i]s for any adverse employment decision." *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 960 (4th Cir. 1996); *see also Mackey v. Shalala*, 360 F.3d 463, 468 (4th Cir. 2004); *Karpel v. Inova Health System Services*, 134 F.3d 1222, 1229 (4th Cir. 1998).

### C.    Pretext

Because the defendant has proffered a legitimate, non-discriminatory reason for its actions, the plaintiff bears the burden of demonstrating that the real reason for denial of the promotion was, in fact, an unlawful one.  *See Reeves*, 530 U.S. at 142-43.    Reasonably,

9

the plaintiff has not framed his response in the parlance of *McDonnell Douglas* and his burden to show pretext.  But, the plaintiff certainly has suggested that the defendant's proffered reasons are pretextual or false.  *See id.* at 144.  He has not, however, offered any real alternative.  (See Pl. Resp. at 9.)  In fact, in his deposition, the plaintiff testified that he believed his employment was terminated for "illegal conduct" related to the mishandling of inventory, as mentioned.  (Pl. Dep. at 106-07.)  And, while this is potentially a different reason than proffered by the defendant, it is not a racially motivated one.  Indeed, as the defendant would emphasize, the plaintiff's testimony in this respect is essentially an express admission that he does *not*, in fact, believe the termination of his employment was on account of his race.

The plaintiff has simply not provided any argument or evidence that the reasons given by the defendant for his termination were false.

The claim should be dismissed.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that the defendant's motion for summary judgment [Doc. 37] be GRANTED and his claims dismissed *with prejudice*.    The case, however, should remain open, insofar as the defendant has unanswered counterclaims pending. [Doc. 18.] **It is hereby ORDERED that the plaintiff should Answer the defendant's counterclaim within ten (10) days of receiving this recommendation or the Court may make an entry of default**.  If the defendant does not intend to pursue such counterclaims it should notify the Court forthwith or else move for an entry of default.

IT IS SO RECOMMENDED.

s/Bruce H.  Hendricks
United States Magistrate Judge

January 8, 2014
Charleston, South Carolina

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).